KENNETH W. COSENTINO AND IRENE L. COSENTINO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cosentino v. Commissioner
Docket No. 927-87.
United States Tax Court
T.C. Memo 1989-305; 1989 Tax Ct. Memo LEXIS 304; 57 T.C.M. (CCH) 788; T.C.M. (RIA) 89305; June 21, 1989. Ferdinand S. Pacione, for the petitioners. Ronald F. Hood, for the respondent PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: This case was heard pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable year in question, unless otherwise indicated. All rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent determined a deficiency in petitioners' income tax for 1982 of $ 2,819 and additions to tax for negligence of $ 140.95 under section 6653(a)(1) and 50% of the interest due on the $ *305 2,819 underpayment due to negligence under section 6653(a)(2). The issues for decision are (1) whether interest earned on certain certificates of deposit is income to petitioners and (2) whether petitioners are liable for additions to tax for negligence under sections 6653(a)(1) and (a)(2). FINDINGS OF FACT To the extent stipulated, the facts are so found. Petitioners resided in Newton, Massachusetts, when their petition was filed. Kenneth W. Cosentino (petitioner) was a dentist/orthodontist in 1982 with an office at 563 Broadway, Everett, Massachusetts. He was the sole employee, president, stockholder, and director of Kenneth W. Cosentino, D.D.S., Inc., later renamed Kenneth W. Cosentino, D.D.S., P.C. (the corporation). Petitioners purchased from the New England Merchants National Bank, later renamed the Bank of New England (bank), three consecutive certificates of deposit (CD's). These were in the name of petitioner/wife, and used petitioner's social security number and petitioners' home address. Each time one of the CD's matured, petitioner directed the bank by telephone to reinvest at least $ 100,000.00 of the principal in another CD. Petitioners reported the $ 2,897.52 *306 in interest earned from these three CD's on their 1982 Federal income tax return. On March 2, 1982, petitioner, as president of the corporation, executed a $ 100,000.00, no interest, demand note payable to the order of petitioner/wife. On the same date, petitioner continued to reinvest $ 100,000.00 of the principal from the last CD in petitioner/wife's name. Petitioner by telephone told the bank to put it in the name of the corporation and to use the corporation's tax identification number. Petitioner did not change petitioners' home address on the bank's records. This $ 100,000.00 was reinvested in CD's four times and earned $ 4,587.50 in 1982. Neither petitioners nor the corporation reported the interest earned from these CD's. Petitioner used $ 1,543.75 in interest from one of these four CD's to cover alleged out-of-pocket expenses for the corporation. The bank deposited $ 772.92 earned on the last of these four CD's in petitioners' joint account and on the same day petitioner wrote a check in that amount and deposited it in the corporation's account in the Century Bank and Trust. On July 1, 1982, petitioner continued to reinvest $ 100,000.00 of the principal and by telephone *307 told the bank to put the CD in the name of the corporation and to use petitioner/wife's social security number. Again, petitioners did not change the home address on the bank's records. This amount was reinvested in CD's five times and earned $ 5,461.46 in interest. Neither petitioners nor the corporation reported the interest earned from these CD's. On each maturity date, the principal and interest from these last five CD's were deposited in petitioners' personal account by the bank. On the maturity date of the second, third and fourth of these CD's, petitioner wrote a check to the corporation equal to the interest earned on those CD's. On the maturity date of the fifth of these CD's, petitioner wrote a check to himself equal to the interest earned on it. Petitioners reported, among other things, $ 3,799.32 in interest. Respondent determined that in 1982 petitioners failed to report an additional $ 10,048.96 in interest and that petitioners were liable for additions to tax under sections 6653(a)(1) and (a)(2). OPINION The issue of who is the owner of property for income tax purposes turns on whether the assignor retains sufficient power and control over the assigned property *308 or over the receipt of the income to make it reasonable to treat him as the recipient of the income. ; . Respondent contends that petitioners are liable for income tax on the interest income earned from all of the CD's in question because petitioners controlled the right to receive it and enjoy the benefit of it when paid. He argues that petitioners assigned the income to the corporation but retained the benefit of the income. Petitioners contend that a legitimate and proper loan was made to the corporation, and that the interest is taxable to the corporation. To determine the tax consequences of a transaction we must look to the economic realities of the situation and not to the form employed by the parties. ; . In 1982, petitioners invested in CD's as individuals using petitioner/wife's name and petitioner's social security number. On March 2, 1982, petitioner instructed the bank to rollover $ 100,000.00 into *309 the corporation's name and use the corporation's identification number. Petitioner, as president of the corporation, also executed a no interest demand note to petitioner/wife. Petitioner testified that the funds were needed by the corporation to expand his dental practice. Significantly, no expansion of the practice was made after March 2, 1982. As we found, neither petitioners nor the corporation reported the interest income earned while the CD's were in the name of the corporation. Petitioners contend that the interest earned on the CD's while purportedly held by the corporation was reported on the corporate tax forms on the line for gross receipts instead of on the line for interest. However, the amounts of dental receipts when added to the interest income exceed the gross receipts reported by the corporation. Nothing prevented the corporation from establishing a bank account at the bank so that corporate CD's could be rolled over. This was not done. As to the last five CD's, there is no question but that the $ 100,000.00 plus interest was transferred into petitioners' personal bank account before being rolled over. Surprisingly, the record is silent as to whether the *310 interest on the first of the last five CD's was deposited in the corporation's account. The interest on the last of those CD's was withdrawn by petitioners' personal check. Petitioners simply did not do what they claimed they did. Petitioners claim the interest on the CD's in the corporation's name was used to pay petitioner's salary. Our determination is not changed by the fact that petitioners paid income tax on petitioner's salary. This fact is not relevant to the question of whether the interest income is taxable to petitioners. A salary is taxed as income without tracking the source of each dollar to the corporation since each dollar is fungible. Petitioners ostensibly transferred the $ 100,000.00 in CD investments to the corporation, presumably to take advantage of the corporation's loss carryovers. They sought to use the corporation's name to avoid taxation of the interest income, while retaining the power to direct the investment of the principal and use of the income. They used some of the income personally. In substance, petitioners controlled all the interest income and used it for their benefit. As the tree belonged to petitioners, they must pay tax on the fruit. *311 . Respondent is sustained on this issue. Petitioners bear the burden of proving that the underpayments of tax were not due to negligence or intentional disregard of the rules and regulations under sections 6653(a)(1) and (a)(2). . Petitioners have not shown that they did not deliberately attempt to avoid paying income taxes on the interest earned from property which they controlled. In this case, we find that the entire underpayment is due to negligence and/or intentional disregard of rules and regulations. Accordingly, petitioners are liable for the additions to tax under sections 6653(a)(1) and (a)(2). Decision will be entered for the respondent.